# STATE OF NORTH CAROLINA

_____ CATAWBA _____ County

File No. *11 CVS 1923*

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| Colette Surratt | |
| **Address** | |
| | |
| **City, State, Zip** | |

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

**VERSUS**

Name Of Defendant(s)

Apple Gold, Inc., d.b.a Applebee's Neighborhood Grill and Bar

Date Original Summons Issued

☐ Date(s) Subsequent Summons(es) Issued

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Apple Gold, Inc., d/b/a Applebee's Neighborhood Grill and Bar | |
| c/o Mr. Robert J. Stolz, Registered Agent | |
| 170 Wind Chime Court | |
| Raleigh, NC 27615 | |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days *after* you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued 6-21-11 | Time 10:02 | ☒ AM ☐ PM |
|---|---|---|---|
| Geraldine Sumter | | | |
| Ferguson Stein Chambers Gresham & Sumter, P.A. | Signature | | |
| 741 Kenilworth Avenur, Suite 300 | ☐ Deputy CSC   ☐ Assistant CSC | | ☐ Clerk Of Superior Court |
| Charlotte, NC 28204 | | | |

| ☐ ENDORSEMENT | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | | |
| | ☐ Deputy CSC   ☐ Assistant CSC | | ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | | Name Of Defendant |
|---|---|---|---|---|
| | | ☐ AM | ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | | Name Of Defendant |
|---|---|---|---|---|
| | | ☐ AM | ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

STATE OF NORTH CAROLINA    ~~FILED~~    IN THE GENERAL COURT OF JUSTICE
                    11 JUN 21  AM 10:03  SUPERIOR COURT DIVISION
COUNTY OF CATAWBA    CATAWBA COUNTY. C.S.C.    11-CvS- *1923*

                                    BY
_____
                                        )
COLETTE SURRATT,                        )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )        **COMPLAINT**
                                        )     **(Jury Trial Demanded)**
APPLE GOLD, INC., d/b/a Applebee's      )
Neighborhood Grill and Bar,             )
                                        )
                    Defendant.          )
_____)


## I.    INTRODUCTION

1. This is an action seeking damages as well as legal, equitable and declaratory

relief under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, and the

common law and public policy of the State of North Carolina.  Plaintiff's claims arise

from racial discrimination and wrongful termination to which she was subjected while

employed by the Defendant.

## II.  PARTIES

2.  Plaintiff, Colette Surratt ("Plaintiff"), is an African-American, United States

citizen and resident of Hickory, Catawba County, North Carolina.

3.  Defendant, Apple Gold, Inc., d/b/a Applebee's Neighborhood Grill and Bar

("Defendant"), is a corporation which is incorporated and doing business in North

Carolina.

4.  Defendant is in the restaurant business and has a facility in Hickory, North

Carolina, doing business as Applebee's Neighborhood Grill and Bar.

## III. FACTS

5. Plaintiff was employed by Defendant (Hickory facility) on June 17, 1993 as a Prep Cook. Her duties consisted primarily of completing prep work -- set up stations for cooks, maintain product presentations, product quality and cook time standards, preparation of all menu items, plate presentations and specifications.

6. Plaintiff performed her duties as Prep Cook successfully and in such a manner that warranted her promotion to a kitchen manager in 2000. She was also an Apple Elite Team member which she earned by participating in the opening of 12 restaurants in North Carolina.

7. As a kitchen manager, Plaintiff was a key hourly employee and was over the hourly employees in the kitchen.

8. Adam Shoemaker, white male, was hired by Defendant in 2003 as a Waiter. In 2006, he was promoted to a salaried managerial position and became one of Plaintiff's supervisors.

9. After Shoemaker became one of Plaintiff's supervisors (Assistant Manager), she began to experience problems at the workplace.

10. On or about June 24, 2008, Plaintiff interviewed and administered the SQ2 test to an applicant for employment. The SQ2 test is given to assess applicants' strengths and weaknesses. She had interviewed and administered the SQ2 test to applicants several times before without incident.

11. After the test was given, plaintiff gave it to a co-worker, Sue Ruby, for grading. Again, this procedure had been followed on several occasions and was considered to be normal procedure.

2

12. Shoemaker made an ordeal of the June 24, 2008 procedure followed by Plaintiff and alleged that she should have given the test to him for grading and that she had ignored him during the entire process.

13. Plaintiff believes that she followed the customary procedure in interviewing the applicant and in administering the SQ2 test.

14. Shoemaker recommended Plaintiff's termination on the grounds that she was insubordinate in the handling of the applicant and the test process.

15. Plaintiff's employment was terminated based on Shoemaker's recommendation that she was allegedly insubordinate.

16. Shoemaker further contends that Plaintiff had received prior warnings of insubordination and had specifically received two prior written warnings.

17. Plaintiff believes that her termination had nothing to do with insubordination nor the June 24, 2008 incident but solely because of her race.

18. A white female, Sue Ruby, a key hourly employee, also interviewed applicants and administered the SQ2 test to applicants and she was not terminated.

19. Plaintiff believes that she was held to a different standard because of her race – African-American.

20. As a direct and proximate result of Defendant's actions as described above, Plaintiff has suffered lost wages, economic damages and humiliation.

21. Defendant's actions, as described above, were willful, wanton and intentional and were taken to cause harm to the Plaintiff.

## V. CLAIMS

### First Claim for Relief: Race Discrimination

22. Plaintiff re-alleges and incorporates all preceding paragraphs by reference.

23. By actions described above, the Defendant discriminated against the Plaintiff on the basis of her race in violation of Section 1981. The Defendant discriminated against the Plaintiff on the basis of her race with respect to the terms, conditions and privileges of her employment by terminating her employment. A similarly situated white employee of the Defendant was not treated in the same manner and was allowed to interview applicants and administer and grade the SQ2 test of applicants without incident.

24. Defendant's actions and omissions were in violation of Section 1981 and the common law and policy of the State of North Carolina and were taken willfully, wantonly and with disregard of the Plaintiff's rights, entitling her to compensatory damages in excess of $10,000.00.

### Second Claim for Relief: Wrongful Discharge (State Law)

25. Plaintiff re-alleges and incorporates all preceding paragraphs by reference.

26. The Defendant's decision to terminate Plaintiff's employment constituted a wrongful discharge under the common law in that it violated the public policy of the State of North Carolina as set out in N.C.G.S. § 143-422.2.

27. The Defendant acted wantonly, willfully, and in disregard of the protected rights of Plaintiff, thus entitling her to an award of compensatory and punitive damages in excess of $10,000.

4

## VI. DAMAGES

28. As a result of the discrimination claimed herein, Plaintiff has experienced loss of earnings, loss of fringe benefits, loss of retirement benefits, loss of enjoyment of life, mental anguish and distress, and other damages.

29. Plaintiff has been irrevocably injured by the discriminatory actions complained of herein. Plaintiff has no other adequate or complete remedy other than this proceeding to have the actions and practices of the Defendant remedied.

30. The actions of the Defendant as described above, were willful, wanton and purposeful such as to entitle Plaintiff to an award of liquidated and punitive damages.

## VII. JURY TRIAL DEMANDED

31. Plaintiff hereby demands a trial by jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discrimination alleged herein be remedied in full and that the Court, after a jury trial:

1) Declare the actions complained of herein to be illegal;

2) Issue an injunction enjoining the Defendant, its agents, its employees, successors, attorneys and those acting in concert or participation with Defendant and at its direction, from engaging in the unlawful practices set forth herein and any other employment practice shown to be in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981;

3) Award plaintiff compensatory damages, including damages for mental anguish, harm to Plaintiff's economic relations and opportunities, loss of

5

earnings with cost of living adjustments, interest, fringe benefits, and

retirement benefits;

4)    Award Plaintiff compensatory damages to which she is entitled for the

violation of the public policy and common law of the State of North

Carolina;

5)    Award Plaintiff punitive damages for the extreme and outrageous acts

taken by Defendant in willfully violating state law;

6)    Award Plaintiff her costs and expenses in this action, including reasonable

attorney's fees, costs and other litigation expenses; and

7)    Grant such other and further relief as may be just and necessary to afford

complete relief to Plaintiff.

This 20th day of June, 2011.

_____

Geraldine Sumter
N. C. Bar No. 11107
FERGUSON STEIN CHAMBERS
    GRESHAM & SUMTER, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, NC 28204
(704) 375-8461 – Telephone
(704) 334-5654 – Facsimile
gsumter@fergusonstein.com

Attorney for Plaintiff

6

# Extremely Urgent

Visit **ups.com**® or call **1-800-PICK-UPS**® (1-800
to schedule a pickup or find a drop off location

**Domestic Shipments**

- To qualify for the Letter rate, UPS Express Envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express Envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

**International Shipments**

- The UPS Express Envelope may be used only for documen value. Certain countries consider electronic media as docur ups.com/importexport to verify if your shipment is classifie

- To qualify for the Letter rate, the UPS Express Envelope must UPS Express Envelopes weighing more than 8 oz. will be bill

**Note:** Express Envelopes are not recommended for shipment containing sensitive personal information or breakable items. or cash equivalent.

```
170  WIND CHIME CT
RALEIGH NC 27615
P:300      S:MGR      I:S
JACK-1924          [ ]
1ZF27708221004 8063        1030
CDD5RRC NCARL148  Aug 17 06:57:10 2011
US 2761 HIP 10.2.1 LP2844
```

ing services:

**UPS Next Day Air**®
**UPS Worldwide Express**℠
**UPS 2nd Day Air**®

**Apply shipping documents on this side.**

Do not use this envelope for:

**UPS Ground**
**UPS Standard**
**UPS 3 Day Select**®
**UPS Worldwide Expedited**®



*Received 8/16/11*



## UPS Next Day Air® UPS Worldwide Express®

### Shipping Document

| WEIGHT | LTR | PAK | WEIGHT | DIMENSIONAL WEIGHT If Applicable | LARGE PACKAGE | SHIPPER RELEASE | 1 |
|---|---|---|---|---|---|---|---|

[ ] EXPRESS (INT'L)

[ ] DOCUMENTS ONLY

[ ] SATURDAY DELIVERY

The shipper authorizes UPS to act as forwarding agent for export control and customs purposes. The shipper certifies that these commodities, technology or software were exported from the United States in accordance with the Export Administration Regulations. Diversion contrary to U.S. law is prohibited.

**SHIPMENT FROM**

**UPS ACCOUNT NO.** F27708

**REFERENCE NUMBER**
SURCOL

Geraldine Sumter  **TELEPHONE** 704-375-8461

**FERGUSON STEIN CHAMBERS**

**741 KENILWORTH AVE., STE. 300**

**CHARLOTTE**      NC 28204-2873

1Z F27 708 22 1004 8063

**DELIVERY TO**

**TELEPHONE**

Mr. Robert J. Stolz    919-846-2577
Registered Agent, Apple Gold, Inc., d/b,
Applebee's Neighborhood Grill and Bar

170 Wind Chime Court

Raleigh, NC            27615

## UPS Next Day Air®



1Z F27 708 22 1004 8063

1Z F27 708 22 1004 8063

TRACKING NUMBER

**SHIPMENT NUMBER**   F277 0878 9HH

**DATE OF SHIPMENT**
8  /16 / 11